**JIAN CHAI LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 08–0959–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Wendy Tso, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; Jeffrey R. Meyer, Attorney, Office

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Chai Lin, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA affirming the March 20, 2007 order of the Immigration Judge ("IJ") denying his motion to reopen. *In re Jign–Tzai*, No. A070 107 838 (B.I.A. Jan. 31, 2008), *aff'g* No. A070 107 838 (Immig. Ct. N.Y. City Mar. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Lin's untimely motion to reopen because it reasonably found that he failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(2); *see Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations).

■ Lin asserts that the BIA abused its discretion when it failed to provide an individualized analysis of the evidence he submitted. This argument fails, as we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Because the BIA reasonably concluded that Lin failed to demonstrate a change in country conditions, and such failure provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Lin's motion to reopen. *See Wei Guang Wang*, 437 F.3d at 273; *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).